**\*AMENDED CLD-283**                                                                                  **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 11-3232
_____

IN RE:  SCOTT JOHN TRAVALINE,
                                                                              Petitioner

_____

On a Petition for Writ of Mandamus from the
United States District Court for the Eastern District of Pennsylvania
(Related to E.D. Pa. Civ. No. 10-cv-01653)

_____

Submitted Pursuant to Rule 21, Fed. R. App. P.
September 8, 2011
Before:  RENDELL, FUENTES, and SMITH, <u>Circuit</u> <u>Judges</u>

(Opinion filed: September 29, 2011 )
_____

OPINION
_____

PER CURIAM

Scott John Travaline seeks a writ of mandamus directing the District Court to

commence a trial.  We will deny the petition.

Travaline filed a second amended complaint,[1] alleging numerous constitutional

violations and other offenses.  The District Court dismissed the complaint with prejudice,

and we affirmed the District Court's judgment, concluding that Travaline's complaint

_____

[1] Travaline's original and first amended complaint were dismissed without prejudice.

1

failed to state a plausible claim for relief.[2] C.A. No. 10-4591. On August 23, 2011, Travaline filed a petition for writ of mandamus requesting that we direct the District Court to commence trial.[3]

Mandamus is a drastic remedy available in only the most extraordinary circumstances. In re Diet Drugs Prods. Liab. Litig., 418 F.3d 372, 378 (3d Cir. 2005). To obtain a writ of mandamus, a petitioner must show that "(1) no other adequate means [exist] to attain the relief he desires, (2) the party's right to issuance of the writ is clear and indisputable, and (3) the writ is appropriate under the circumstances." Hollingsworth v. Perry, ___ U.S. ___, 130 S. Ct. 705, 710 (2010) (internal quotations omitted).

Travaline has not demonstrated that he has a clear right to the writ of mandamus. The District Court dismissed his complaint and we affirmed. Therefore, there is no pending decision for which mandamus would be appropriate. As we previously informed Travaline, if he wishes to pursue further review in this case, he may do so by filing a petition for writ of certiorari with the United States Supreme Court.

Accordingly, we will deny Travaline's mandamus petition and "motion for summary judgment.

---

[2] We noted that Travaline's complaint consisted of largely unintelligible ramblings.

[3] Because respondents did not respond to Travaline's petition for writ of mandamus, Travaline then filed a "motion for summary judgment."

2